IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON SCOTT COPPOCK,   ) | |
|     ID #02009840,   ) | |
|         Petitioner,   ) | |
| vs.   ) | No. 3:18-CV-1682-S (BH) |
|    )   | |
| LORIE DAVIS, Director,   ) | |
| Texas Department of Criminal   ) | |
| Justice, Correctional Institutions Division,   ) | |
|         Respondent.   ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Brandon Scott Coppock (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of TDCJ-CID.

The petitioner was convicted of sexual assault of a child in Cause No. F12-27931 in Criminal District Court No. 5 of Dallas County, Texas, on June 21, 2013, and he was sentenced to 20 years' imprisonment. (*See* doc. 3 at 2[1]); *see* www.dallascounty.org (search for petitioner). The judgment was affirmed on appeal. *See Coppock v. State*, No. 05-13-00908-CR, 2015 WL 1811871 (Tex. App. – Dallas Apr. 20, 2015). Although he was granted an extension until July 20, 2015, to file a petition

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

for discretionary review, he did not file one. *Coppock v. State*, PD-564-15 (Tex. Crim. App.). He filed a state habeas application, received in the state district court on July 20, 2016, that was denied on May 16, 2018. *See Ex parte Coppock*, WR-86,343-01 (Tex. Crim. App. May 16, 2018).

Petitioner's federal habeas petition, received on June 27, 2018, states that it was placed in the prison mail on June 11, 2018. (*See* doc. 3 at 10.) It claims that (1) trial counsel was ineffective; and (2) the cumulative effect of inadmissible evidence allowed by counsel's deficient performance was harmful. (*See* doc. 3 at 6-7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.     Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

...

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims regarding his conviction and sentence either became known or could have become known prior to the date his judgment became final. He did not file a petition for discretionary review with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) on July 20, 2015, when the time expired for filing a petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (when no petition for discretionary review is filed after a direct appeal, the judgment becomes final when the time expires to file a petition for discretionary review). He had until July 20, 2016, to file his federal habeas petition, absent any tolling of the statute of limitations.

Petitioner argues that the limitations period began under § 2244(d)(1)(B) upon the removal of a state impediment created by state action in violation of his constitutional rights, and that the impediment prevented him from filing an application. Until his transfer to TDCJ on August 4, 2015, he was incarcerated in the Dallas County Jail, where he claims he was permitted to go the jail law library every two weeks for forty-five minutes, and his repeated requests to use the library were largely unanswered. (*See* docs. 3 at 9; 4 at 2-3.) Books were allegedly damaged or destroyed, pertinent pages were missing, and the Texas Code of Criminal Procedure and Texas Rules of Appellate Procedure were dated 2004-2005. He contends that 10-20 inmates unsuccessfully attempted to use a single set of books at the same time. After he was transferred to TDCJ, he spent hundreds of hours in the unit law library performing legal research. He claims that the jail law library was unconstitutionally inadequate and denied him access to courts, and that the State

intentionally delayed his transfer to TDCJ and impeded his appellate process until after the time to file a petition for discretionary review expired.

To invoke statutory tolling under § 2244(d)(1)(B), Petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (citing *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)). "That is, a petitioner must show that the delay actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law." *Williams v. Stephens*, No. 3:13–CV–4018–B, 2013 WL 6671518 at *1 (N.D. Tex. Dec. 17, 2013) (citing *Egerton*, 334 F.3d at 436-37). There must be a casual link between the alleged state-created impediment and the inability to file a timely federal petition. *Salinas v. Thaler*, No. 3:10–CV–2492–O, 2013 WL 1497044 at *1 (N.D. Tex. April 11, 2013).

In *Salinas*, the petitioner claimed that his prison unit's library was inadequate and frequently denied him access, which constituted a state-created impediment. *See id.* at *1. The court held that the petitioner was not entitled to post-conviction relief because he failed to "demonstrate that the alleged shortcomings hindered his efforts to pursue a legal claim." *Id.* (citing *Krause*, 637 F.3d at 561). It noted that the petitioner did "not specify what federal materials would be necessary for him to pursue [post-conviction] relief and also fail[ed] to allege the causal link ..." *Id.*

Although he argues that state action prevented him from filing a timely petition for discretionary review in the state court, Petitioner has not shown how his restricted access to the library and its alleged inadequacies actually prevented him from filing a timely federal petition for writ of habeas corpus under § 2254. He has not identified the materials he needed to complete his federal petition but was not able to use, or explained why any those materials were necessary to draft

4

and file it. Petitioner was transferred to TDCJ on August 4, 2015, approximately two weeks after the judgment became final on July 20, 2015, when the time expired to file a petition for discretionary review. He still had almost a full year to timely file his federal habeas petition. Because Petitioner has not alleged a causal link between his alleged restricted access to the law library and his inability to timely file his federal habeas petition, there was no state-created impediment, and § 2244(d)(1)(B) does not determine beginning of the limitations period. *See Jackson v. State*, No. 3:15-CV-2238-L, 2016 WL 4249902 at *3 (N.D. Tex. June 22, 2016), *rec. adopted*, 2016 WL 4208088 (N.D. Tex. Aug. 10, 2016) (limitations period did not begin under § 2244(d)(1)(B) where petitioner did not show how restricted access to law library caused his federal habeas petition to be untimely).

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas application was signed and deemed mailed on July 11, 2016, and it was denied on May 16, 2018. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). The limitations period was tolled for 675 days while the state application was pending, making his federal petition due no later than May 26, 2018. Petitioner filed his § 2254 petition on June 11, 2018, the date that it was mailed.[2] A literal application of § 2244(d)(1)(A) renders the § 2254

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

petition untimely.

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner's allegations about the Dallas County Jail law library do not entitle him to

equitable tolling. As discussed, he has not shown how he was prevented from timely filing his federal habeas petition.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 2nd day of July, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE